Citation Nr: 1237380 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 04-38 545 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnisota


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, diagnosed as depression with possible PTSD. 


REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs


ATTORNEY FOR THE BOARD

B. R. Mullins, Associate Counsel






INTRODUCTION

The Veteran had active service from June 1991 to June 1995. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from May 2003 and March 2005 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon, denying the claim currently on appeal. This issue was previously remanded by the Board in February 2009 and February 2011 for additional evidentiary development

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran contends that he is entitled to service connection for a psychiatric disorder. Regrettably, an additional remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claims so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

A review of the record reveals that the Veteran has been diagnosed with psychiatric conditions since filing his claim of service connection for a psychiatric disorder in August 2001. According to a July 2001 VA outpatient treatment record, the Veteran was suffering from depression with possible PTSD. An earlier record dated November 2000 indicates that the Veteran had felt depressed "for a number of years." A September 2001 VA treatment record also notes a diagnosis of depression. February 2003 and August 2004 records also reflect diagnoses of depressive disorder and a substance induced psychotic disorder. 

The Veteran was afforded a VA examination for his claimed psychiatric condition in January 2005. The Veteran was noted to have a history of depression with PTSD features. The examiner concluded that the Veteran did in fact meet the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (DSM-IV) criteria for major depressive disorder. Regrettably, no opinion was offered as to the possible etiology of this condition. Diagnoses of alcohol dependence and cocaine dependence, in remission since November 2004, were also assigned. 

The Veteran was most recently afforded a VA examination in April 2012. The examiner was unable to assign any Axis I diagnosis at this time, noting that the Veteran appeared to be malingering his symptoms. As such, any diagnosis would be based on speculation. No mention was made of the Veteran's prior diagnoses of a depressive disorder or depression with possible PTSD. 

Service connection will be granted if it is shown that the Veteran suffers from a disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty, during active military service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. The requirement of a current disability is satisfied when the claimant has a disability at the time the claim for disability compensation is filed or during the pendency of the claim, even though the disability may have resolved prior to VA's adjudication of the claim. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). While the April 2012 VA examiner may have been unable to assign a diagnosis of a current psychiatric disability, the record clearly reflects that the Veteran has been diagnosed with depression/depressive disorder on multiple occasions throughout the pendency of this claim. 

Presently, the record contains no medical opinion regarding the diagnoses of depression contained within the claims folder. A February 2003 record does note that the Veteran's depressive episodes are "possibly" due to his drinking habits. However, language such as "possibly" is not sufficient for VA rating purposes. See Bostain v. West, 11 Vet. App. 124, 127 (1998); Obert v. Brown, 5 Vet. App. 30, 33 (1993) (clarifying that phrases such as "possible" are too speculative in nature to establish a link). The Veteran's claims file should be returned to the psychologist that performed the April 2012 examination (or to a similarly qualified examiner if this individual is no longer available). The examiner should review the claims file and opine as to whether it is at least as likely as not that the previous diagnoses of depression or a depressive disorder manifested during, or as a result of, active military service. If the examiner determines that these diagnoses are not related to military service, or that an opinion cannot be offered without resorting to speculation, the examiner should opine as to whether the diagnosed psychiatric disorders are secondary to, or were aggravated by, a service-connected disability. A January 2005 discharge summary notes that the Veteran had suffered from depression ever since a head injury. The Veteran is service-connected for the residuals of a head injury. Service connection may be granted for a disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). 

Accordingly, the case is REMANDED for the following action:

1. The Veteran's claims file, along with a copy of this remand, should be returned to the psychologist that examined the Veteran in April 2012 (or to a similarly qualified examiner if this individual is no longer available). An additional examination of the Veteran is not necessary unless deemed so by the examiner. The examiner is asked to review the claims file and take note of the multiple diagnoses of depression/depressive disorder. The examiner should then opine as to whether it is at least as likely as not that any such condition manifested during, or as a result of, active military service. 

If the examiner determines that the Veteran's previously diagnosed psychiatric disorders did not manifest as a result of military service, then the examiner should opine as to whether it is at least as likely as not that this disability is 1) due to or 2) aggravated by the Veteran's service-connected residuals of a head injury. 

The examiner should note that aggravation is defined for these purposes as a chronic worsening of the underlying condition versus a temporary flare-up of symptoms, beyond its natural progression. If aggravation is present, the clinician should indicate, to the extent possible, the approximate level of disability (i.e., a baseline) before the onset of the aggravation and identify that aspect of the disability which is due to aggravation. 

A complete rationale for all opinions offered must be provided, and if an opinion cannot be offered without resorting to speculation, the examiner should fully explain why this is the case. 

2. The agency of original jurisdiction (AOJ) should then carefully review the medical opinions obtained to ensure that the remand directives have been accomplished. If all questions posed are not answered or sufficiently answered, the AOJ should return the case to the examiner for completion of the inquiry. 

3. The AOJ should then readjudicate the claim on appeal in light of all of the evidence of record. If an issue remains denied, the AOJ should provide the Veteran and his representative a supplemental statement of the case as to the issue on appeal, and afford him a reasonable period of time within which to respond thereto. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).